IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GORDON M. HOPPER,

                Plaintiff,

v.                                   CIVIL ACTION NO.  2:16-cv-00172

CENTURY ALUMINUM COMPANY,

                Defendant.

## MEMORANDUM OPINION & ORDER

Pending before the court is the defendant's Motion for Summary Judgment [ECF No. 48]. The plaintiff has responded [ECF No. 54], and the defendant has replied [ECF No. 55]. The matter is ripe for adjudication. For the following reasons, the Motion is **DENIED**.

In July 2015, the plaintiff, Gordon Hopper, was terminated as the plant manager at the Ravenswood Century Aluminum plant. In the month prior to the plaintiff's termination, the plant manager at the Hawesville plant was terminated from his position. *See* Resp. Ex. H, at 3 [ECF No. 54-8]. In the same month, the plant manager at the Sebree plant was transferred to fill the vacancy at Hawesville, and accordingly, the Sebree plant manager position opened. *See* Reply Ex. 1, at 42:11–43:1 [ECF No. 55-1]. The plaintiff was not hired for either of these positions despite expressing his interest in remaining with the company prior to and at the time of his separation, voicing his willingness to move, and being assured by company executives

that he would be given an opportunity to remain with the company. Pl.'s Dep. 60:9–61:18; 120:1–121:6. The defendant filled both positions with men younger than the plaintiff. Mot. Summ. J. Ex. 21 [ECF No. 48-21]; Resp. Ex. N [ECF No. 54-14]; Resp. Ex. H [ECF No. 54-8].

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256.

The court **FINDS** that a genuine dispute of material fact exists and that the defendant is not entitled to judgment as a matter of law. Accordingly, the court **ORDERS** that the defendant's Motion for Summary Judgment [ECF No. 48] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      February 14, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE